# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON WATFORD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-cv-1252-MJR-SCW ) |
| STEVEN NEWBOLD, DR. KAJA, and WARDEN OF MENARD CORRECTIONAL CENTER, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

On November 17, 2017, Plaintiff Marlon Watford filed suit against Defendants Steven Newbold and Dr. Kaja alleging that they were deliberately indifferent to his need for dental care. Specifically, Watford alleges that he has a cavity that Defendants refuse to treat. The warden of Menard Correctional Center was added to this case for purposes of implementing any injunctive relief granted by the Court.

Before the Court is Watford's request for injunctive relief (Doc. 6), through which he seeks a Court order mandating treatment of his cavity. Magistrate Judge Stephen C. Williams held an evidentiary hearing on the motion for preliminary injunction on May 22, 2018, and issued a report & recommendation (Doc. 28) recommending that the undersigned deny Watford's motion. According to the report & recommendation, Watford cannot demonstrate a likelihood of success on the merits of his claim that he has a cavity that Defendants refuse to fill.

1

Watford filed objections to the report and recommendation (Doc. 35), and Defendants followed with a response to the motion for preliminary injunction (Doc. 37). Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. *Id.* For the reasons stated below, the Court **ADOPTS** Magistrate Judge Williams' recommendations and **DENIES** the motion for preliminary injunction.

### BACKGROUND

Watford alleges that he was diagnosed with a cavity in 2014 but that Defendants concealed the cavity from him before eventually placing him on the waiting list for a filling in May 2016. During the evidentiary hearing, Watford testified that he wants a permanent filling because Defendant Newbold, a dentist, told him in May 2016 that he has a cavity in tooth #31. On November 3, 2016, Dr. Kaja, a dentist, examined Watford and ordered an x-ray. According to Watford, Dr. Kaja told him that Dr. Newbold instructed her not to fill the cavity that day. The next day, Watford sent a request slip to Dr. Newbold inquiring why he could not have his cavity filled, but he alleges that Dr. Newbold did not respond.

Dr. Newbold testified that Watford was added to the filling waiting list for tooth #31 during his two-year exam on May 23, 2016. The November 3, 2017 x-ray taken by Dr. Kaja showed that tooth #31 showed no signs of decay or cavity. Dr. Newbold testified that Watford does not have a cavity on tooth #31 but, rather, has a defect on the

2

tooth caused a groove on the tooth that turns dark. Because the x-ray showed no sign of a cavity, the tooth was not filled that day.

Following the first June 2017 x-ray of Watford's tooth, Dr. Newbold explained to him that tooth #32 was impacted and pressing against tooth #31, likely causing Watford's discomfort. Watford was given antibiotics and pain medication, and a panoramic x-ray was ordered. That x-ray was reviewed on June 30, 2017. It showed that tooth #32 had an area of inflammation called pericoronitis but that tooth #31 showed no pathology. Other than the minor defect, there were no issues with tooth #31. Despite the procedure being elective, Watford has been added to the list to fix the defect on tooth #31. Dr. Newbold testified that the pericoronitis was resolved by the antibiotics. Watford seeks injunctive relief requiring that the alleged cavity be filled immediately.

### LEGAL STANDARDS

As the review of the motion for preliminary injunction is *de novo*, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(emphasis in original). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right")(citation omitted).

To secure a preliminary injunction, the movant must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010)(citing *Winter*, 555 U.S. at 20). The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge*, 612 F.3d at 546. (citation omitted)

In the context of prisoner litigation, there are further restrictions on the Court's remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). *See also Westefer*, 682 F.3d at 683 ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage.")(internal quotation marks and citation omitted).

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997).

4

Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke***, 593 F.2d 772, 774 (7th Cir. 1978); and** *W.A. Mack, Inc. v. Gen. Motors Corp.***, 260 F.2d 886, 890 (7th Cir. 1958)).**

<u>ANALYSIS</u>

Watford objects to a number of factual findings made by Judge Williams in his analysis of Watford's likelihood of success on the merits, so the undersigned considers that portion of the report & recommendation *de novo*. To show that he has a likelihood of success on the merits of his Eighth Amendment claim, Watford must show that Defendants were deliberately indifferent to his serious medical needs. *Greeno v. Daley*, **414 F.3d 645, 652-53 (7th Cir. 2005) (quoting** *Estelle v. Gamble***, 429 U.S. 97, 104 (1976) (internal quotation marks omitted)).** "Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, **577 F.3d 816, 828 (7th Cir. 2009).** A prisoner is entitled to "reasonable measures to meet a substantial risk of serious harm"—not to demand specific care. *Forbes v. Edgar*, **112 F.3d 262, 267 (7th Cir. 1997).**

In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster*, **658 F.3d 742, 750 (7th Cir. 2011) (citing** *Johnson v. Snyder***, 444 F.3d 579, 584 (7th Cir. 2006)).** The first consideration is whether the prisoner has an "objectively serious medical condition." *Arnett*, **658 F.3d at 750.** *Accord Greeno*,

5

**414 F.3d at 653.** "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Hammond v. Rector*, **123 F. Supp. 3d 1076, 1084 (S.D. Ill. 2015) (citing** *Pyles v. Fahim*, **771 F.3d 403, 409 (7th Cir.2014)).** It is not necessary for such a medical condition to "be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, **593 F.3d 610, 620 (7th Cir. 2010).** *Accord Farmer v. Brennan*, **511 U.S. 825, 828 (1994) (violating the Eighth Amendment requires "deliberate indifference to a** *substantial* **risk of** *serious* **harm") ((internal quotation marks omitted) (emphasis added).**

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *Id.* **at 653.** The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, **546 F.3d 516, 524 (7th Cir. 2008).** "Something more than negligence or even malpractice is required" to prove deliberate indifference. *Pyles v. Fahim*, **771 F.3d 403, 409 (7th Cir. 2014);** *see also Hammond v. Rector*, **123 F. Supp. 3d 1076, 1086 (S.D. Ill. 2015) ("isolated occurrences of deficient medical treatment are generally insufficient to establish . . . deliberate indifference").**

Here, other than his own conjecture, there is no evidence that Watford has a cavity in tooth #31. While his dental records do contain marks on tooth #31, x-rays of the tooth showed no cavity. Dr. Newbold's testimony makes clear that the spot on tooth

6

#31 is a defect, which is not a serious medical need, and that Watford is on a list to have the defect filled, a procedure that is described as elective. Watford presents no convincing evidence to refute that testimony.

While Watford suggests that his records have been falsified to cover up the existence of a cavity since 2014, there is nothing beyond mere speculation to support that claim. Instead, the record strongly supports the finding that Watford has a defect, not a cavity, on tooth #31. There is no evidence that an untreated defect on a tooth presents a risk of significant injury or of the unnecessary and wanton infliction of pain if not treated. Accordingly, the Court **FINDS** that Watford's tooth defect does not rise to the level of being a serious medical need. As Watford fails to show that he has a serious medical need, he cannot establish a likelihood of success on the merits. Accordingly, he has not carried his burden of showing that he is entitled to injunctive relief.

## CONCLUSION

For the above-stated reasons, Watford's objections to the report & recommendation (Doc. 28) are **OVERRULED**. The Court **ADOPTS** the report & recommendation in its entirety and **DENIES** the motion for preliminary injunction.

**IT IS SO ORDERED**.

DATED: September 17, 2018

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**