IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON WATFORD,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN NEWBOLD, and<br>WARDEN OF MENARD,<br><br>    Defendants. | Case No. 3:17-CV-1252-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Marlon Watford, an inmate in the Illinois Department of Corrections, filed this case pursuant to 42 U.S.C. § 1983 on November 17, 2017, alleging Defendants Dr. Steven Newbold and Dr. Veera Kaja, both dentists, were deliberately indifferent to his serious dental condition in violation of the Eighth Amendment (Doc. 5). Specifically, Watford claimed Dr. Newbold diagnosed him with a cavity in tooth #31 on March 17, 2014, but concealed that fact from him until May 23, 2016 (Doc. 1 at pp. 3-4). And despite Watford's requests for a permanent filling, Defendants refused to treat the cavity (*Id.*).

On May 2, 2019, the undersigned entered an order granting summary judgment to Dr. Kaja on the issue of exhaustion of administrative remedies and granting it in part to Dr. Newbold, finding that Watford failed to exhaust his claim that Defendants failed to treat his cavity after its alleged existence was uncovered on May 23, 2016 (Doc. 67).

The Court further indicated that it intended to grant judgment as a matter of law in favor of Dr. Newbold on the remaining claim that Dr. Newbold fraudulently concealed

the cavity from March 17, 2014, to May 23, 2016, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (Doc. 67). That rule permits the Court to consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. FED. R. CIV. P. 56(f). The Court found that evidence attached to Watford's own filings with the Court demonstrated that a different doctor—Dr. Stroh—was actually the doctor who conducted his March 17, 2014 biennial dental exam, *not* Dr. Newbold. (Doc. 43 at p. 44; see also Doc. 40-5, p. 2). Watford even appeared to admit that fact when he argued that Dr. Newbold "adopted the practice and pattern of other staff members (e.g., Dr. Stroh) of concealing my cavity." (Doc. 43 at p. 27). Based on this evidence, the Court found that Watford could not genuinely dispute that it was Dr. Stroh who allegedly hid his cavity diagnosis and failed to refer him for a filling in 2014, thereby allegedly causing him to suffer in pain for two years.

Moreover, Dr. Newbold testified that while Watford was placed on the filling list for tooth #31 on May 23, 2016, a subsequent x-ray indicated no radiographic decay (Doc. 29 at p. 9). Dr. Newbold explained that what looked like a cavity upon visual inspection on May 23, 2016, could have been a defect in the form of a groove that turned brown (*Id.* at p. 10). According to Dr. Newbold, the defect was not a serious dental issue needing immediate treatment (*Id.*). He also testified that the pain Watford reported at tooth #31 could have been coming from his impacted wisdom tooth at #32 (*Id.*). Thus, the Court found that Dr. Newbold's testimony indicated that Watford never even had a cavity at tooth #31. And, based on those facts, no reasonable jury could find that Dr. Newbold was deliberately indifferent to a serious dental need. Accordingly, the Court

found that summary judgment in favor of Dr. Newbold was appropriate.

Under Federal Rule of Civil Procedure 56(f), before the Court may *sua sponte* grant summary judgment, it must provide the parties with notice and a reasonable time to respond. Thus, the Court gave the parties time to file an opposition supported by competent evidence demonstrating a genuine issue of material fact that would prevent this Court from entering judgment as a matter of law.

Watford filed a response in opposition to the Court's proposed entry of judgment (Doc. 69), asserting that *sua sponte* summary judgment on the merits would be premature and unfair, depriving him of the opportunity to secure an expert opinion to support his claim that he has a cavity on tooth #31. He also argues that Dr. Newbold had "adopted" the fact that Watford had a cavity on tooth #31 by virtue of reviewing his dental records. He also claims that Dr. Newbold's failure to provide his signature next to his biennial dental examination record implies that Dr. Newbold had a guilty conscious when he attempted to further conceal the correct diagnosis of Watford's cavity on tooth #31.

In response, Defendant Dr. Newbold argues that Watford's dental records show he did not have a cavity in tooth #31 but rather a defect that did not constitute a serious medical need (Doc. 72). Thus, Watford did not have a serious medical need requiring immediate care as required to prove a claim of deliberate indifference. Moreover, the evidence in the record clearly shows that Dr. Newbold was not the dentist who treated Watford on March 17, 2014. Thus, he could not have been personally responsible for Watford's alleged injuries. Finally, while Watford claims he needs time to hire an expert, Defendant notes that Watford has had 18 months to procure evidence and has already

made nine attempts to hire an expert with no success. Therefore, it is unlikely that additional time would make any difference in this case.

In reply, Watford asserts there is a genuine issue of material fact as to whether he had a cavity on tooth #31 on May 23, 2016, which should preclude the entry of summary judgment (Doc. 74).

On September 25, 2019, Watford moved to supplement his opposition to the proposed entry of judgment as a matter of law with an affidavit from his fellow inmate, Mark Winger (Doc. 82). Watford believes the Winger affidavit, which was filed in Winger's own Section 1983 action in support of his motion for preliminary injunction, evidences Dr. Newbold's propensity for concealing information from and deceiving inmates because, in that case, he retired before fixing Winger's crown. The affidavit is irrelevant to this case, however, as it has no bearing on whether Dr. Newbold knew about and disregarded Watford's cavity. *See* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Thus, Watford's Motion for Leave to Supplement Opposition to District Court's *Sua Sponte* Summary Judgment On The Merits Order (Doc. 82) is denied.

After again reviewing the evidence and the parties' arguments, the Court maintains its prior position that summary judgment is warranted in favor of Dr. Newbold. The only remaining claim in this case is Watford's claim of deliberate indifference against Dr. Newbold for fraudulently concealing his alleged cavity from March 17, 2014 to May 23, 2016. Watford has failed to put forth any evidence

demonstrating that Dr. Newbold was the dentist who performed his biennial exam in 2014. Instead, the only evidence in the record is that the exam was performed by Dr. Stroh. Thus, regardless of whether Watford actually had a cavity on tooth #31, Dr. Newbold cannot have been personally responsible for concealing the cavity if he did not discover it until May 23, 2016. And while Watford maintains that Dr. Newbold reviewed his dental records several times prior to May 23, 2016 (see Doc. 30 at p. 4; Doc. 43 at p. 44), there is no mention in the records of a cavity on tooth #31 prior to that date. Accordingly, Dr. Newbold could not have had personal knowledge of any cavity such that he fraudulently concealed it until May 23, 2016. With no proof of personal involvement by Dr. Newbold in the alleged concealment of the cavity, Watford's claim must fail. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (to be held liable in a Section 1983 action, an individual must have personally caused or participated in the alleged unconstitutional actions).

*Motion to Reconsider*

Watford also asks the Court to reconsider its order granting summary judgment on the remaining claims because Watford failed to exhaust his administrative remedies before filing suit (Doc. 68). Watford argues that his May 24, 2016 grievance properly grieved a continuing violation; therefore, he did not need to file a separate grievance with regard to Dr. Newbold and Dr. Kaja's refusal to treat the cavity.

Motions to reconsider an interlocutory order are properly brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which provides that an order adjudicating fewer than all the claims among the parties "may be revised at any time"

before the entry of a final judgment. FED. R. CIV. P. 54(b). Motions to reconsider under Rule 54(b) are judged by largely the same standard as motions to alter or amend a judgment under Rule 59(e) and serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

"A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). A motion to reconsider is only proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1192 (citation omitted).

The continuing violation doctrine applies when the plaintiff could not reasonably be expected to perceive the alleged violation before the limitations period has run, or when the violation only becomes apparent in light of later events. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). "The continuing violation doctrine is also applicable when the state actor has a policy or practice that brings with it a fresh violation each day." *Id.* "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)

Here, the Court has not made a manifest error of law because the continuing

violation doctrine does not apply. Watford's May 24, 2016 grievance complained about the *concealment* of his cavity from his biennial exam in 2014 to May 23, 2016, not any failure to treat it. He also was not complaining about any ongoing policy that brought "a fresh violation each day." Watford confirmed as much in his letter to Grievance Officer when he said "I am not complaining about what took place on May 23, 2016. I am complaining about what took place on or about April or May 2014 concerning dental staff diagnosing me with a cavity but not informing me about it." (Doc. 1-1 at p. 9). Because Watford was not alleging a continuing violation, the doctrine has no application here. Watford's motion to reconsider is denied.

## CONCLUSION

For these reasons, the Motion to Reconsider filed by Plaintiff Marlon Watford (Doc. 68) is **DENIED**, and the Court **GRANTS** judgment as a matter of law in favor of Defendant Dr. Steven Newbold pursuant to Federal Rule of Civil Procedure 56(f). Because no injunctive relief was awarded, Defendant Warden of Menard is **DISMISSED**. Plaintiff Marlon Watford shall recover nothing, and the Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:   November 27, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**