IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON WATFORD,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN NEWBOLD, JOHN TROST,<br>DAWN GHAFTHER, JANE DOE,<br>DR. FUENTES, DR. VEERA KAJA,<br>WEXFORD, KIMBERLY BUTLER,<br>JACQUELINE LASHBROOK,<br>SUSAN KIRK, and WARDEN OF<br>MENARD CORRECTIONAL CENTER,<br><br>    Defendants. | Case No. 3:17-CV-1252-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Plaintiff Marlon Watford's Motion for Leave to Appeal i*n Forma Pauperis* (Doc. 91). The undersigned granted summary judgment to Defendants on November 27, 2019 (Doc. 83), and entered judgment the same day (Doc. 84). Watford subsequently filed a Motion to Alter and Amend Judgment (Doc. 85), which was denied on January 3, 2020 (Doc. 88). Watford now seeks to appeal the Court's judgment without full prepayment of the appellate filing fee.

A federal court may permit a party to proceed *in forma pauperis* ("IFP") on appeal provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A); *see also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal

merit. *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). An inmate who has accumulated three "strikes" under 28 U.S.C. § 1915(g), however, is prohibited from proceeding IFP in any future civil action or on any appeal unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Bryant v. Brin*, 621 F. App'x 859, 860 (7th Cir. 2015); *Reynolds v. United States*, No. 19-CV-01390-JPG, 2020 WL 128683, at *1 (S.D. Ill. Jan. 10, 2020). "Imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)

Here, Watford admits that he has accumulated three strikes under 28 U.S.C. § 1915(g), meaning at least three of his federal lawsuits have been dismissed as frivolous or malicious, or because they failed to state a claim. *See Watford v. Manning*, No. 19-CV-3868 (N.D. Ill.) (Kendall, J.) (case dismissed with prejudice on July 17, 2019, for failure to state a claim and as duplicative and malicious); *Watford v. Doe*, No. 15-CV-9540 (N.D. Ill.) (Kendall, J.) (case dismissed with prejudice on October 11, 2017, for failure to state a claim and for failure to disclose litigation history); *Watford v. Quinn*, No. 14-CV-571 (S.D. Ill.) (Reagan, J.) (case dismissed with prejudice on August 5, 2014, for failure to comply with court order, failure to prosecute, and failure to state a claim).

Nevertheless, Watford argues he should be permitted to proceed IFP because he is in imminent danger of serious physical injury. Watford refers to his cavity at tooth #31 and claims he will suffer irreparable damages to his tooth if he does not receive a filling. He also claims he is in imminent danger of being subjected to the serious physical injury of aggravation of his scar tissue, chronic stomach inflammation, and irritable bowel

syndrome pain due to stress and worry over tooth #31 not receiving a filling.

The Court disagrees that these ailments put Watford in *imminent* danger of serious physical injury. As noted in the Court's summary judgment order, Watford's dental records indicate he did not have a cavity in tooth #31, but rather a defect that did not constitute a serious medical need (Doc. 83). Indeed, on November 3, 2016, Watford was informed that an x-ray indicated "no radiographic decay" on tooth #31 (Doc. 85 at p. 43). Even if a cavity does exist on tooth #31, according to Watford's allegations, that cavity has been there since March 2014. The Court declines to find that Watford is in imminent danger of serious physical injury based on a cavity he has had for nearly six years. The Court further rejects Watford's allegation that his anxiety over his six-year-old cavity is causing chronic stomach inflammation and IBS symptoms, such that he is in imminent danger. *See Ciarpaglini*, 352 F.3d at 331 ("Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are . . . ridiculous.").

For these reasons, Watford's Motion for Leave to Appeal *in Forma Pauperis* (Doc. 91) is **DENIED**. Watford shall tender the appellate filing and docketing fee of $505.00 to the Clerk of Court in this District within **30 days** of the date of entry of this order. Alternatively, he may reapply for leave to appeal IFP directly with United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED:   January 27, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**